# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. EDCV 19-0976 DMG (SS) | Date: June 13, 2019 |
| | Page 1 of 5 |

Title: <u>Randy Rodriguez v. County of Riverside, et al.</u>

---

**DOCKET ENTRY: ORDER TO SHOW CAUSE WHY FORMER RIVERSIDE COUNTY SHERIFF STAN SNIFF SHOULD NOT BE DISMISSED FROM THIS ACTION AS AN IMPROPER DEFENDANT**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

Plaintiff, a civil detainee currently housed at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600 et seq., filed a civil rights complaint on May 28, 2019. ("Complaint," Dkt. No. 1).[1] Plaintiff alleges that even though he is a civil detainee, he was improperly held in prison-like conditions at two facilities operated by the Riverside County Sheriff's Department between October 2018 and mid-January 2019: the Robert Presley Detention Center ("RPDC") and the Larry D. Smith Correctional Facility ("SCF").

---

[1] The Complaint includes the Declaration of Randy Rodriguez, which sets forth most of the facts supporting Plaintiff's claims. The Court will cite to the Complaint and Declaration as though they formed a single, consecutively paginated document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    EDCV 19-0976 DMG (SS) | Date:  June 13, 2019 |
| | Page 2 of 5 |

Title:       Randy Rodriguez v. County of Riverside, et al.

    According to the Complaint, Plaintiff arrived at RPDC in October 2018 and was assigned to an isolation cell, where he was not allowed to shower or use the phone daily, was not offered recreation or access to religious services, and was required to wear Ad-Seg clothing. Deputies told other inmates that Plaintiff was an SVP, made derogatory comments about his SVP status, and refused to provide him with grievance forms. Plaintiff claims his stay at RPDC was "degrading" and involved deprivations "way more restrictive than the [conditions that] criminal detainees had to endure." (Id. at 7).

    Plaintiff states that he was transferred to SCF from RPDC just before Thanksgiving 2018. There, he was housed with Ad-Seg inmates and was often not allowed any day room time, or, at best, only a half hour of day room time per day. Plaintiff did not have daily or repeated phone access, and on "some days" did not have access to a shower, religious services or "regular recreation time." He was put in handcuffs when he was escorted around the facility and put in cross-chains when he was transported, all of which was "more restrictive than the criminal counter-parts." (Id.). Plaintiff further alleges that he developed a cough and fever at SCF due to black mold in his bunk area. Deputies ignored his complaints. When he was transferred from SCF and sent to Coalinga State Hospital (by way of an interim one-night return to RPDC, where deputies improperly impounded his property), Plaintiff was quarantined in the medical unit "within hours" of his arrival and put on antibiotics. It took Plaintiff "two weeks to recover from the blank mold." (Id. at 8).

    The Complaint names two Defendants: the County of Riverside and former Riverside County Sheriff Stan Sniff.[2] Plaintiff alleges that the County is liable for its policies of holding SVP detainees at both RPDC and SCF in conditions identical to, similar to, or more restrictive than, conditions under which criminal inmates are held (the "confinement claim," Claim One). (Id. at 4-5). Plaintiff also alleges that the County is

---

[2] Sniff was Sheriff for most of the period at issue here. Plaintiff alleges that the incidents described in the Complaint "occurred from October 2018 to January 16, 2019." (Complaint at 7). Sniff's successor, current Riverside County Sheriff Chad Bianco, was sworn in on January 8, 2019. (See https://www.pe.com/2019/01/08/chad-bianco-sworn-in-as-riverside-county-sheriff/).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 19-0976 DMG (SS)                    Date: June 13, 2019
                                                    Page 3 of 5

Title:     Randy Rodriguez v. County of Riverside, et al.

liable for the "customs and practices" at SCF amounting to deliberate indifference to his serious medical needs (the "black mold claim," Claim Three).  (Id. at 5).  Finally, Plaintiff claims that Sniff is liable in his individual capacity because, as the "top policy maker for the Sheriff's Department," he was "responsible for the defective policies, customs and practices" (id. at 2) at RPDC and SCF pertaining to the "confinement [of] SVP civil detainees" in conditions comparable to, or worse than, those imposed on criminal inmates (the "policymaker claim," Claim Two).  (Id. at 5).  Plaintiff seeks monetary damages of $50,000 and "any . . . injunctions the court deems appropriate to protect both state and federal constitutional rights."  (Id. at 6).

In sum, in Claims One and Two, Plaintiff is suing the County for its policy of restrictive confinement of SVP detainees, and Sniff because he was purportedly the maker of that policy.[3]  As such, Claims One and Two appear to be fundamentally the same claim as they involve the same policy, the same alleged constitutional violation, the same alleged injuries to Plaintiff, and would give rise to the same damages, to the extent that damages are warranted.  "The general rule of compensatory damages bars double recovery for the same wrong."  Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1005 (9th Cir. 2008); see also Collins v. Jordan, 110 F.3d 1363, 1376 n.11 (9th Cir. 1996) (recognizing obligation in civil rights action to "avoid the award of duplicative damages"); Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 509 (9th Cir. 2000) (finding that compensatory damages awarded for separate state and federal claims were duplicative where "the two claims were essentially the same [as] they involved the same conduct and were evaluated under the same legal standard").

Accordingly, even if Plaintiff were to prevail on his conditions of confinement claim against both the County and Sniff, it does not appear that he would be entitled to any greater damages.  Furthermore, the claim against Sniff appears to be entirely encompassed by the claim against the County because Sniff could not be liable for making a policy unless it were adopted and implemented.  Finally, to the extent that Plaintiff seeks some form of

---

[3] Sniff is not named as a Defendant in Plaintiff's black mold deliberative indifference claim in Claim Three.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 19-0976 DMG (SS) | Date: June 13, 2019 |
| | Page 4 of 5 |

Title: Randy Rodriguez v. County of Riverside, et al.

injunctive relief, Sniff would appear to be an improper Defendant because he is no longer Sheriff of the Riverside County Sheriff's Department and would not be in a position to execute any required action.

The Court therefore ORDERS Plaintiff to explain, **within fourteen days of the date of this Order**, why Sniff is not a redundant and/or improper Defendant, and why this action should proceed against both Sniff and the County instead of against the County alone. Plaintiff may discharge this Order by filing either (1) a responsive brief of no more than two pages showing why Sniff should remain in this action, or (2) a notice of voluntary dismissal of Sniff as a defendant. The action would then proceed against the County of Riverside. For Plaintiff's convenience, **the Deputy Clerk is directed to include with this Order a blank form Notice of Dismissal**. Plaintiff may dismiss his claim against Sniff by completing the form and indicating in the last set of options that only Sniff is dismissed from the Complaint brought by Plaintiff.

**Plaintiff is expressly cautioned that the failure to comply with this Order by the Court's deadline will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). However, nothing in this order is dispositive of any claim. Instead, the Magistrate Judge will make a recommendation to the District Judge if she finds that any claim or party should be dismissed.**

IT IS SO ORDERED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.    EDCV 19-0976 DMG (SS)                    Date: June 13, 2019
                                                     Page 5 of 5

Title:      Randy Rodriguez v. County of Riverside, et al.